### KINNE *v.* CLEVER.

COSTS—JUSTICE OF THE PEACE—REMOVAL TO CIRCUIT COURT—TITLE OF LAND IN ISSUE—STATUTES.

> Under the provisions of sections 782-789, 1 Comp. Laws (5 How. Stat. [2d Ed.] §§ 12235-12242), providing for the removal to circuit court of any cause in which the title to land might be in question from justice's court, the prevailing party is entitled to costs even though the circuit court found that no question of title was in fact involved; the statute awarding costs to the prevailing party is mandatory, irrespective of whether the justice determined of his own motion that title to lands was in question or whether the objection was raised in the first instance by counsel for defendant.

Error to Eaton; Smith, J. Submitted November 4, 1914. (Docket No. 131.) Decided January 4, 1915.

Assumpsit by John L. Kinne against Jacob Clever, in justice's court. The cause was certified by the jus-

tice to circuit court where judgment was rendered for defendant and costs given to plaintiff. Defendant brings error. Reversed; costs granted to defendant.

*Elmer N. Peters,* for appellant.

*R. L. Sowers,* for appellee.

BROOKE, C. J. This case was brought in justice's court. The action was assumpsit. Defendants pleaded the general issue, and gave notice of special defenses based upon the statute of limitations and the infancy of two of the defendants. Upon the trial in justice's court the jury disagreed. A second trial was commenced before another jury. During the examination of the first witness, the attorney for defendants moved that the case be certified to the circuit court, for the reason that upon plaintiff's own showing the question of title to lands was in issue. This motion was granted by the justice.

The case having reached the circuit court, it was there tried, and a verdict and judgment in favor of defendant was had. This judgment carried costs to defendant. A motion was then made by plaintiff to amend the judgment so as to award costs to plaintiff. Defendant now reviews by writ of error the order granting said motion. In the course of his opinion the learned circuit judge said:

"The title to lands did not come in question on the trial and I now here so certify."

It is made clear, I think, by a reading of the various sections of the statute (1 Comp. Laws, §§ 782-789; 5 How. Stat. [2d Ed.] §§ 12235-12242), that section 787 is complete in itself, and that the court was in error in refusing defendant costs. The statute is imperative, and the case made by defendant is clearly within its terms. The other class of cases, to which section 789 applies, are certified to the circuit court upon the demand of the defendant, without judicial

determination that the title to lands appears or seems to be in question. If section 787 had been printed after, instead of before, section 789, it is probable that no question of the application of section 787 to the facts presented would have been raised. Whether counsel for defendant called attention to the fact, or whether the justice discovered without aid, that from plaintiff's own showing the title to land was in question is not important. The determination was one to be made by the justice, and, whether he was right or wrong, costs followed the judgment in the circuit court.

The original judgment should be reinstated.

McALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.